UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| OMAR RODELA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | EP-18-CV-00362-DCG |
| TVI, INC. d/b/a SAVERS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER
## AND TENTATIVE RULINGS

Presently before the Court is Plaintiff Omar Rodela's "Motion for Permission to File Plaintiff's Response in Opposition to Defendant TVI, Inc.'s d/b/a Server's Motion for Summary Judgment and Brief in Support Under Seal" (ECF No. 37) filed on November 20, 2019, in the above-captioned slip-and-fall case. Therein, Plaintiff seeks leave of this Court to file under seal Exhibits 8 and 11. In turn, he seeks leave to file his brief in response to Defendant's motion for summary judgment (now pending), because therein, he relies upon and quotes from these exhibits. *See, e.g.*, Pl.'s Resp. at 5, 10, ECF No. 37-2.

It appears that during discovery, Defendant produced the documents contained in the exhibits, but marked them as "confidential."[1] That, in turn, triggered Plaintiff's obligation under the Court-approved "Confidentiality and Protective Order" (ECF No. 17) to seek leave of Court to file the exhibits under seal. That order provides:

---

[1] *See* Confidentiality & Protective Order ¶ 3.b ("A party shall designate as Classified Information only such information that the party in good faith believes in fact is confidential. . . . Information and documents that may be designated as Classified Information include, but are not limited to, trade secrets, confidential or proprietary financial information, operational data, business plans, and competitive analyses, personnel files, personal information that is protected by law, and other sensitive information that, if not restricted as set forth in this order, may subject the producing or disclosing person to competitive or financial injury or potential legal liability to third parties."), ECF No. 17.

> In the event a party wishes to use any Classified Information in affidavits, declarations, briefs, memoranda of law, or other papers filed in this litigation, the party shall do one of the following: (1) with the consent of the producing party, file only a redacted copy of the information; (2) where appropriate (e.g., in connection with discovery and evidentiary motions) provide the information solely for *in camera* review; or (3) *file such information under seal* with the court consistent with the sealing requirements of the court."

Confidentiality & Protective Order ¶ 12. It is unclear whether Plaintiff explored the first option, *i.e.*, seeking Defendant's consent regarding a redacted copy. Plaintiff's sealing motion does not clarify, nor does it include any certificate of conference as required under this Court's local rules.[2]

The local rules caution litigants that motions to keep "motions[] or other submissions requesting or opposing relief from the court under seal are disfavored." W.D. Tex. Local Rule CV 5-2(b). "[T]he public has a common law right to inspect and copy judicial records." *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir.1993) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). "The right to public access serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010) (internal quotes and citations omitted).[3] In ruling on a sealing motion, "the court must balance the public's common

---

[2] *See* W.D. Tex. Local Rule CV-7(f) ("The court may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have first conferred in a good-faith attempt to resolve the matter by agreement and, further, certifies the specific reason that no agreement could be made. Movants are encouraged to indicate in the title of the motion whether the motion is opposed."); *see also id.* CV-5.2(c) ("The sealing motion . . . must . . . otherwise comply with the requirements of Rules CV-7[.]").

[3] *See also Holy Land Found. for Relief & Dev.*, 624 F.3d at 690 ("Public confidence in our judicial system cannot long be maintained where important judicial decisions are made behind closed doors and then announced in conclusive terms to the public, with the record supporting the court's decision sealed from public view." (brackets, internal quotes, and citations omitted)).

law right of access against the interests favoring nondisclosure." *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 450 (5th Cir. 2019). Although "[u]ndergirding balancing is a presumption in favor of the public's common law right of access to court records," *id.* (internal quotes and citation omitted), "sealing may be appropriate where orders [or documents] incorporate confidential business information," *N. Cypress Med. Ctr. Operating Co., Ltd. v. Cigna Healthcare*, 781 F.3d 182, 204 (5th Cir. 2015), the public disclosure of which "might harm a litigant's competitive standing," *Nixon*, 435 U.S. at 598. To aid the court in its balancing task, the local rules provide that "[t]he sealing motion . . . must . . . state *the factual basis* for the requested sealing order, and otherwise comply with the requirements of Rules CV-7 . . . ." W.D. Tex. CV-5.2(c) (emphasis added); *see also id.* CV-7(d)(1) ("All motions must state the grounds therefor and cite any applicable rule, statute, or other authority, if any, justifying the relief sought.").

In the instant motion, Plaintiff simply states that "[p]ursuant to CV-5.2 and Confidentiality and Protective Order," he seeks permission to file the exhibits under seal. That is insufficient to satisfy the requirements of Local Rule CV-5.2(c). On the other hand, as discussed *supra*, it is Defendant's designation and marking of the exhibits as "confidential" that led to this motion; thus, Defendant is in a better position, than Plaintiff, to articulate the factual basis for the requested sealing order. But Defendant has not filed a response to Plaintiff's sealing motion or otherwise briefed why the exhibits warrant sealing protection.

Based on a cursory review, the Court tentatively finds that the exhibits should not be sealed. Exhibit 8 contains Defendant's "Daily Sweep Sheet Policy" (its title reflects the nature of information contained therein), and Exhibit 11 contains a single page from Defendant's "Accident Prevention Program," listing a number of "good housekeeping" practices to prevent

accidents in its stores. These documents contain information that is far too common to warrant sealing protection. *See Mitchell v. Home Depot U.S.A.*, No. 3:11-CV-332, 2012 WL 2192279, at *1, *5 (W.D. Ky. June 14, 2012) (holding that Home Depot's standard operating procedures for safely stacking and displaying merchandise are not entitled to protection under Federal Rule of Civil Procedure 26(c) and denying request to place under seal the portions of deposition transcripts referring to the procedures); *Zavala v. Wal-Mart Corp.*, No. CIV. A. 03-5309 JAG, 2007 WL 2688934, at *2, *10–*11 (D.N.J. Sept. 12, 2007) (denying request for an order to seal selected pages from Walmart's maintenance manual containing instructions on proper lavatory and trash bin cleaning techniques).

Nevertheless, to allow for the following to take place, the Court will withhold issuing a final ruling on the instant sealing motion at this time. The parties are instructed to meet and confer, and assess whether they can agree upon filing a redacted, but unsealed, version of each of the exhibits: the redacted exhibits must leave unredacted the specific portions of the exhibits relied upon by Plaintiff in his response and, to facilitate reading in context, any other portions that are not perceived as confidential.[4] If such an agreement is reached, the parties must file the redacted exhibits; and the Court will order public docketing of Plaintiff's responsive brief, keep under seal the unredacted Exhibits 8 and 11 (as currently submitted), and in deciding Defendant's motion for summary judgment consider only the redacted exhibits. If, however, the parties fail to reach such an agreement, the Court is of the view that Defendant should be given an opportunity to "vindicate its interests," *Vantage Health Plan, Inc.*, 913 F.3d at 451, and "demonstrate[] that [its] interests outweigh the public's right to access judicial records," *United States v. Chandler*, 732 F.3d 434, 440 (5th Cir. 2013).

---

[4] It appears that much of what Plaintiff quotes from the exhibits contain mundane information. Pl.'s Resp. at 10, ECF No. 37-2.

Accordingly, **IT IS ORDERED** that **by December 9, 2019**, the parties **SHALL MEET and CONFER** in good faith, **and SHALL FILE**, a Joint Notice stating whether or not they have agreed to filing of the redacted versions of Exhibits 8 and 11 as discussed above.

<u>If the parties are able to so agree</u>, **IT IS FURTHER ORDERED** that **by December 9, 2019**, the parties **SHALL FILE** the redacted versions of the exhibits as attachments to the Joint Notice. For ease of citation, the parties shall submit the redacted exhibits as two separate attachments to the Joint Statement such that each exhibit can be imprinted by the Court's electronic case filing system by an unique document number (for example, ECF Nos. 39-1, 39-2, for attachments to ECF No. 39, the main submission).

<u>If, however, the parties are unable to so agree</u>, **IT IS FURTHER ORDERED** that **by December 9, 2019**, Defendant **SHALL FILE**, if necessary under seal, a brief providing the factual basis for sealing Exhibits 8 and 11 and demonstrating why its interests outweigh the public's right to access judicial records regarding the exhibits.

**FAILURE TO TIMELY COMPLY WITH THIS ORDER MAY RESULT IN THE COURT'S DENIAL OF PLAINTIFF'S SEALING MOTION AND THEREBY, PUBLIC DOCKETING OF THE EXHIBITS AND PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.**

So ORDERED and SIGNED this 3rd day of December 2019.

DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE